Dear Judge Gassaway:
You have asked this office to determine whether the Clerk of Court of the City of the City of Hammond may legally be appointed by the Tangipahoa Parish Council to serve as a member of the Hospital Service District No. 1 of Tangipahoa Parish d/b/a North Oaks Medical Center. We conclude the law does not prohibit this arrangement.
Of concern are the provisions of R.S. 42:63 (D) of the Louisiana Dual Officeholding and Dual Employment Laws, which prohibit a clerk of court from holding any office or employment under a parish governing authority. While the parish council has appointment authority with respect to hospital service district commissioners pursuant to R.S. 46:1053
(A)[1], the district is not an entity within the supervision and authority of the parish; rather, the hospital service district is a creature of the state. R.S. 46:1064 (A) specifically declares that "hospital service districts . . . are hereby declared to be political subdivisions of the state . . ." Thus, the prohibition of R.S. 42:63 (D) is inapplicable.
Because the Hammond City Clerk of Court holds full-time appointive office, pursuant to R.S. 13:1884[2], he is prohibited by R.S. 42:63
(E)[3] from simultaneously holding another full-time appointive office. However, because a commissioner of the hospital service district serves on a part-time basis, this prohibition is also inapplicable. See R.S. 42:62 (4) and (5) for the definition of full-time and part-time.[4]
In summary, the law does not prohibit the Clerk of Court of the City of Hammond from serving as commissioner of the aforesaid hospital service district.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 46:1053 (A) provides:
A. Any hospital service district formed or created under the provisions of this chapter shall be governed by a board of five commissioners, hereafter referred to as commission, who shall be qualified voters and residents of the district. The commission shall be appointed by the police jury of the parish. Two of the first commissioners so appointed shall serve for two years, two for four years and one for six years.
[2] R.S. 13:1884 provides:
Except as otherwise provided by law, the judge of each city court may appoint a clerk for both the civil and criminal sections of the court who shall serve at the pleasure of the judge and until his successor is appointed and qualified.
[3] E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
[4] (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.